**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**DARLENE C. AMRHEIN and**
**ANTHONY J. BALISTRERI,**

        **Plaintiffs,**

    **v.**                              **3:12-CV-03707-G-BK**

**JERRY RIECHERT, et al.,**

        **Defendants.**

**<u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION</u>**

This cause was referred to the undersigned for pretrial management. The case is now before the Court for a recommendation on Defendants' various motions to dismiss (Docs. 6, 7, 9, 11, 12, 13, 14, 15, 17, 19, 20, 23, 24, 25, 27, 28), Defendant Collin County's *Motion to Transfer Venue* (Doc. 18), and Plaintiffs' *Motion for Alternative Service* (Doc. 10) and *Motion for Leave to Amend Plaintiffs' Complaint* (Doc. 34). For the reasons that follow, the Court recommends that Defendants' motions to dismiss be **GRANTED**, Defendant Collin County Appraisal District's additional *Motion to Dismiss* (Doc. 14) be **DENIED AS MOOT**, Defendant Collin County's *Motion to Transfer Venue* be **DENIED AS MOOT**, and Plaintiffs' motions be **DENIED**. Several Defendants also have moved for sanctions against Plaintiffs. (Docs. 9, 11-12, 19, 23-25). The undersigned recommends that the Court enter a pre-filing injunction against Ms. Amrhein to be applied in all district courts of the United States. The injunction should specify that Ms. Amrhein will not be permitted to file any new civil action in any United States district court unless she first files a motion requesting leave of court to do so and attaches thereto a copy of her proposed complaint and a copy of this Court's order imposing the injunction.

## A.    <u>Background</u>

In September 2012, the *pro se* Plaintiffs sued 59 defendants for (1) violating 42 U.S.C. § 1983; (2) discriminating against Plaintiffs based on their age and disabilities; and (3) violating various provisions of the Texas Constitution.[1]  (Doc. 3 at 3-4, 18, 58, 71).  Plaintiffs also raised state law claims, such as fraud and negligence, against several defendants.  *Id.* at 26-40, 54-58. The lawsuit stems from a May 2007 real estate transaction during which the Plaintiffs, who are father and daughter, purchased a house from Defendants Jerry and Lori Riechert.  *Id.* at 20, 26-30.  Unhappy with their purchase due to purported defects with the home, Plaintiffs have sued the Riecherts, as well as various other parties involved either directly or tangentially in the transaction.  Those Defendants include (1) the homeowners' association, community management company, and home developer (Stonebridge Ranch Homeowners Association, RTI/CMA Management Company, and Newland Communities); (2) the realty company and realtors (Remax North Central, Sally Darnall, Lauren Palmer, Kelly Calkins, and Bill Williams); (3) the home inspector (AHI and Aaron D. Miller); two title insurance companies (Republic Title of Texas and First American Title Insurance Company); and the home builder (Thomas Murphy and Murphy Home Group).  *Id.* at 8-9, 20, 23-40.

Plaintiffs also have sued numerous Texas state court judges, courts, the Collin County District Clerk, the City of McKinney and City Counsel, the State of Texas, the Collin County District Attorneys' Office, the Collin County Central Appraisal District, the Texas Real Estate Commission, the Texas Judicial Commission, the Texas Department of Insurance and one of its

---

[1] Subject matter jurisdiction is grounded on Plaintiffs' presentation of federal questions. Diversity jurisdiction does not exist because Plaintiffs and several of the Defendants are Texas residents.

commissioners, the entire Texas state legislature, the Supreme Court of Texas, Governor Rick Perry, the Texas Attorney General, Texas Secretary of State Hope Andrade, and sundry private counsel, alleging that all were involved in the real estate transaction at issue. *Id.* at 9-16, 22-23, 41-68. Upon review of Plaintiffs' complaint, however, it is apparent that these latter Defendants are being sued for various actions they are alleged to have taken in a number of state court lawsuits that Plaintiffs filed subsequent to their purchase of the home. Defendants have now moved for dismissal of Plaintiffs' complaint.[2] (Docs. 6, 7, 9, 11-15, 17, 19, 20, 23-25, 27, 28).

On December 11, 2012, the undersigned directed Plaintiffs to separately respond to each of the Defendants' motions. (Doc. 30). Despite this explicit instruction, however, Plaintiffs have instead chosen to file a single 190-page response containing rambling and redundant arguments and verbatim recitations of statute sections. (Doc. 35). Nevertheless, the Court has thoroughly considered and liberally construed Plaintiffs' filing, as well as an "objection" they filed in response to one of the dismissal motions. (Doc. 8); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* litigants' pleadings must be liberally construed). Plaintiffs also have filed a separate motion seeking leave to amend their complaint. (Doc. 34). The proposed amended complaint, containing 52 counts, appears to have been incorporated into their response to the motions to dismiss. (Doc. 35-1 at 20-100; Doc. 35-2 at 1-11). While this does not comport with the requirements of N.D. Texas Local Rule 15.1, the undersigned nevertheless has reviewed the proposed amended complaint in considering whether leave to amend should be granted.

---

[2] Several defendants have not entered an appearance, namely (1) The Texas Legislature, (2) the Texas Supreme Court, (3) Clifford Weinstein, and (4) The Law Office of Clifford Weinstein & Associates, and (5) Roeder, Boyd & Joplin, P.C.

**B.**   <u>**Applicable Law**</u>

Generally, if it appears from the face of the complaint that a federal claim is without merit, the court should dismiss for failure to state a claim, and not on jurisdictional grounds. *Bell v. Hood*, 327 U.S. 678, 682 (1946). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity, because the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted). When considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In Re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

## C.   Analysis of Motions to Dismiss

### I.  The Private Defendants

#### a.  The Remax, Riechert, Newland, Republic Title, Murphy, Miller and Stonebridge Defendants

The Remax Defendants[3] argue, *inter alia*, that Plaintiffs' case should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because their federal claims are frivolous, and the Court should not retain supplemental jurisdiction over their state claims.  (Doc. 9 at 12-15).  In the alternative, the Remax Defendants assert that dismissal under Rule 12(b)(6) is warranted because (1) Plaintiffs' state claims are barred by the statute of limitations and the doctrine of *res judicata*; (2) their civil rights and conspiracy claims are frivolous; and (3) their fraud claims were not pled with sufficient particularity.  (Doc. 9 at 18-21).  The Remax Defendants also request that the Court exercise its inherent power to sanction Plaintiffs for filing this frivolous lawsuit.  *Id.* at 23-25.  Several other defendants have joined the Remax Defendants' *Motion to Dismiss*, requesting the same relief.[4]  (Doc. 11).  Still others have filed motions to dismiss that are virtually identical to the Remax Defendants' motion.[5]  (Doc. 12;

---

[3] The Remax Defendants include (1) Remax North Central Realty; (2) Sally Darnall; (3) Lauren Palmer; (4) Kelly Calkins; (5) Bill J. Williams; (6) the law firm of Williams, Newsom, Terry & Newsom, P.C.; and (7) attorney J. Kent Newsom.  (Doc. 9 at 1).

[4] Those Defendants include (1) the Riecherts, (2) attorney Barry Fanning, and (3) the law firm of Fanning, Harper, Martinson, Brandt & Kutchin, P.C. ("the Riechert Defendants").

[5] Those Defendants include (1) Newland Communities, (2) the law firm of Abernathy, Roeder, Boyd, Joplin, P.C., and (3) attorney Richard M. Abernathy (the "Newland Defendants") (Doc. 12); (1) Republic Title of Texas, Inc., (2) First American Title Insurance Company, (3) the law firm of Hightower & Hartmann, P.C., and (4) attorney Rick Hightower (the "Republic Title Defendants") (Doc. 19); (1) Thomas Murphy, (2) Murphy Homes Group, (3) attorney James Rudnicki, and (4) the law firm of Bush, Rudnicki, Shelton, P.C. (the "Murphy Defendants") (Doc. 25); and (1) Aaron D. Miller, (2) AHI, (3) attorney Carl David Adams, and (4) The Law

Doc. 19; Doc. 27; Doc. 28).  Finally, several Defendants have joined in the Newland Defendants'

*Motion to Dismiss*.[6]  (Doc. 24).  Consequently, the Court considers these Defendants' arguments

together.

    *i.  Section 1983 Claims*

Section 1983 "provides a federal cause of action for the deprivation, under color of law,

of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the

United States."  *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  To state a claim under

section 1983, Plaintiffs must allege facts that show that (1) they have been deprived of a right

secured by the Constitution and the laws of the United States, and (2) Defendants were acting

under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

As an initial matter, to the extent Plaintiffs attempt to raise section 1983 claims against

the Remax, Riechert, Newland, Republic Title, Murphy, Miller, and Stonebridge Defendants,

those claims should be dismissed with prejudice because such an action may not be brought

against a private defendant.  "[T]he under-color-of-state-law element of § 1983 excludes from its

reach 'merely private conduct, no matter how discriminatory or wrongful.'"  *Am. Mfrs. Mut. Ins.*

*Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (some quotations omitted).

A party who is not a state official can be liable under section 1983, however, if the private

person is involved in a conspiracy to participate in the unlawful action with a state official.

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970).  To withstand dismissal of a section 1983

Office of Carl David Adams (the "Miller Defendants") (Doc. 27; Doc. 28).

    [6] Those Defendants include (1) the Stonebridge Ranch Homeowners Association, Inc., (2)
RTI Community Management Associates, Inc., (3) Roberts, Markel, Weinberg, P.C., and (4)
Dawn S. Holiday (the "Stonebridge Defendants").

conspiracy claim, a plaintiff still must plead "specific facts, not merely conclusory allegations." *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). Here, Plaintiffs allege that a conspiracy existed among all levels of the state court system and among various Defendant attorneys to obstruct justice, discriminate against Plaintiffs, and deprive them of due process and property. (Doc. 3 at 20-21, 23, 43, 45, 50, 58). Plaintiffs' asserted conspiracy scenario is not only factually unsupported, it borders on the frivolous. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). It is clear to the Court that no such conspiracy existed that would allow Plaintiffs to state a claim for civil rights violations by any of the private parties. As aptly noted by the Defendants, "being on the winning side of a lawsuit does not make a private party a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). While it appears from the face of Plaintiffs' complaint that this claim lacks merit, the Court does not find that the claim cannot serve as the basis for federal subject matter jurisdiction. *Hagans*, 415 U.S. at 536. Accordingly, Plaintiffs' section 1983 claims against these Defendants should be dismissed for failure to state a claim, and not on jurisdictional grounds. *Bell*, 327 U.S. at 682.

    *ii. Federal Discrimination Claims*

    In various places throughout Plaintiffs' complaint, they allege that several of the Defendants discriminated against them on the basis of their age and disabilities. (Doc. 3 at 18, 58, 71). There is no general federal right to be free from age discrimination, and Plaintiffs do not allege that any of these Defendants were their employers and discriminated against them in that capacity. *See* 29 U.S.C. § 623 (Age Discrimination in Employment Act); 42 U.S.C. § 12111 to

12117 (Title I of the Americans with Disabilities Act, prohibiting discrimination in employment).

Any other type of claim that Plaintiffs are attempting to raise under the Americans with Disabilities Act also fails because they have not alleged violations of (1) Title II of that Act, which prohibits discrimination with respect to public services, 42 U.S.C. §§ 12131 to 12165; (2) Title III, which covers public accommodations and services operated by private entities, 42 U.S.C. §§ 12181 to 12189; or (3) Title IV, which prohibits retaliation against and coercion of a disabled individual who is attempting to exercise their rights under the ADA. 42 U.S.C. §§ 12201 to 12213.

To the extent Plaintiffs are attempting to raise a discrimination conspiracy claim under 42 U.S.C. § 1985(3), any such claim cannot survive. That section provides a cause of action to any person or class of persons who are deprived of the equal protection of the laws. To fall within the protection of section 1985(3), a plaintiff must show both a private deprivation of the enjoyment of the law and a class-based, discriminatory motivation by the defendant. *McLellan v. Mississippi Power & Light Co.*, 545 F.2d 919, 924 (5th Cir. 1977) (*en banc*). Even assuming that Plaintiffs can show that various Defendants conspired to act contrary to the law, which the Court finds highly unlikely, Plaintiffs certainly have not alleged that any of the Defendants undertook such action *because of* Plaintiffs' age or disability. *See Earnest v. Lowentritt*, 690 F.2d 1198, 1203 (5th Cir. 1982) (upholding the dismissal of a complaint filed under section 1985(3) where the plaintiffs alleged that racist attitudes existed in general, but there was nothing in the record to suggest that the defendants were motivated by any racially-based animus).

In sum, Plaintiffs' federal discrimination claims are meritless and fail to state a claim for relief. Those claims should be dismissed with prejudice as to the Remax, Riechert, Newland,

Republic Title, Murphy, Miller, and Stonebridge Defendants. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

### iii. State Law Claims

<u>Whether the Court Should Retain Jurisdiction Over the Supplemental Claims</u>

In light of the recommended dismissal of Plaintiffs' federal claims, the Court must now consider whether to retain jurisdiction of their state law claims or dismiss them pursuant to 28 U.S.C. § 1367(c)(3) (providing that the district court can decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction). The Court must consider both the statutory factors as well as certain common law factors in making that determination. *Enochs v. Lampasas County*, 641 F.3d 155, 159 (5th Cir. 2011). The statutory factors are: (1) whether the state claims raise novel or complex issues of state law, which they do not in this case; (2) whether the state claims substantially predominate over the federal claims, which is the case here and weighs in favor of dismissing the claims; (3) whether the federal claims have been dismissed, a factor which also weighs in favor of dismissal in this case; and (4) whether there are exceptional circumstances or other compelling reasons for the Court to decline to exercise jurisdiction. *Id.* In this case, the last factor weighs in favor of the Court's exercise of federal jurisdiction given the frivolous nature of this suit. It would serve no purpose to dismiss Plaintiffs' claims without prejudice and allow them to re-file their state law claims in state court and further abuse the legal process.

The common law factors that the Court considers in deciding whether to retain

jurisdiction of Plaintiffs' state law claims are: (1) judicial economy, which favors the exercise of federal jurisdiction; (2) convenience, which is not a significant factor given that this forum appears equally convenient for all parties; (3) fairness, which weighs in favor of federal jurisdiction because Plaintiffs selected this forum, and Defendants are entitled to finality in this litigation; and (4) comity, which would suggest that dismissal of the state claims is appropriate. *Id.* Upon review of the statutory and common law factors, the undersigned finds that the balance of the factors weighs in favor of the Court retaining jurisdiction of the state law claims.

The Untimely State Law Claims

Upon review, it is clear from Plaintiffs' complaint that their state law claims for (1) defamation/slander (against Remax Realty); (2) negligent misrepresentation (against the Riecherts, Remax Realty and its realtors, and Republic Title); (3) breach of contract (against the Riecherts, Remax Realty, both title companies, and the home inspector); and (4) fraud (against the Riecherts, Remax Realty and its realtors, both title insurance companies, the home inspector, homeowners' association, community management company, and home developer) are barred by the respective statutes of limitations – one year for defamation and slander, two years for negligent misrepresentation, and four years for breach of contract and fraud. TEX. CIV. PRAC. & REM. CODE §§ 16.002, 16.004(a)(4), 16.051; *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998). In particular, Plaintiffs were aware of these claims no later than May 2008 when they filed their state court petition raising similar claims, and they did not file this action until more than four years later. Plaintiffs' contention that the statute of limitations was equitably tolled due to the Defendants' concealment of acts is meritless. (Doc. 35 at 71). Plaintiffs filed their state court petition in May 2008 complaining of similar acts, more than four

years before they filed this action. Accordingly, Plaintiffs' state claims should be dismissed with prejudice as untimely as to (1) Jerry and Lori Reichert, (2) the Stonebridge Ranch Homeowners Association, (3) RTI/CMA Management Company, (4) Newland Communities, (5) Remax North Central, (6) Sally Darnall, (7) Lauren Palmer, (8) Kelly Calkins, (9) AHI, (10) Aaron D. Miller, (11) Republic Title of Texas, (12) First American Title Insurance Company, (13) Thomas Murphy, and (14) Murphy Home Group.[7]

The Claims Against Counsel and Their Law Firms

The only remaining state law claims Plaintiffs raise are against Attorneys J. Kent Newsom, Rick Hightower, Barry Fanning, Richard Abernathy, Carl Adams, James Rudnicki and their respective law firms. (Doc. 3 at 58). These attorneys all represented other parties to this action at some point. Plaintiffs contend that the attorneys were negligent and acted in bad faith, presumably in litigating against them. However, under Texas law, attorneys are not liable for damages in this type of action because there is no privity of contract. *Am. Cent. Ins. Co. v. Canal Ins. Co.*, 843 S.W.2d 480 (Tex. 1992). Accordingly, Plaintiffs' claims against counsel and their firms fail and should be dismissed with prejudice.

In sum, the Remax Defendants' *Motion to Dismiss* (Doc. 9), the Riechert Defendants'

---

[7] The claims are also likely barred by the doctrine of *res judicata* due to the preclusive effect of the Texas state court judgment against Plaintiffs and in favor of the various parties to the real estate transaction. *See* Doc. 19-16 at 2-54 (Plaintiffs' Ninth Amended State Court Petition); Doc. 19-12 at 14 (state court judgment summarily dismissing case); Doc. 19-17 at 6-7 (appellate court opinion affirming state court judgment). *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996) (holding that a party seeking to have an action dismissed based on *res judicata* must show (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) that the same parties, or those in privity with them, were involved in the prior case; and (3) that the second action is based on the same claims that were raised or on claims that could have been raised in the first action).

*Motion to Dismiss* (Doc. 11), the Newland Defendants' *Motion to Dismiss* (Doc. 12), the Republic Title Defendants' *Motion to Dismiss* (Doc. 19), the Stonebridge Defendants' *Motion to Dismiss* (Doc. 24), the Murphy Defendants' *Motion to Dismiss* (Doc. 25), and the Miller Defendants' *Motion to Dismiss* (Docs. 27, 28) should be **GRANTED**.

### b. The Risinger Defendants

Plaintiffs alleged in their complaint that they hired Defendant Linda Risinger to represent them in their state court property action, but she committed legal malpractice, theft, and fraud. (Doc. 3 at 53-54). Linda Risinger and The Law Office of Linda Risinger ("the Risinger Defendants") move to dismiss under Rule 12(b)(1) arguing, *inter alia*, that no subject matter jurisdiction exists because Plaintiffs' claims against them sound solely in legal malpractice, and the Court should not exercise supplemental jurisdiction over those claims. (Doc. 20 at 5-7). Alternatively, Defendants contend that Plaintiffs' malpractice claim fails under Rule 12(b)(6) because the two-year statute of limitations has expired. *Id.* at 7-8.

For the reasons discussed above, *supra* pp. 8-9, the Court should retain jurisdiction over Plaintiffs' malpractice claim against the Rising Defendants as well. *Enochs*, 641 F.3d at 159. Further, the Court should dismiss the claim as untimely based on the two-year statute of limitations that applies to legal malpractice claims. Tex. Civ. Prac. & Rem. Code §16.003(a). Plaintiffs admit that they hired the Risinger Defendants in April 2009 and that the Risinger Defendants withdrew from representation in June 2009. (Doc. 3 at 53-54; Doc. 35-1 at 18). Plaintiffs did not file this suit until almost three years later. Accordingly, the Risinger Defendants' *Motion to Dismiss* (Doc. 20) should be **GRANTED** and Plaintiffs' claims against them should be dismissed with prejudice.

## 2. The Public Defendants

### a. The Texas Judges

Plaintiffs alleged that the various judges who presided over the numerous lawsuits and appeals they filed after they purchased their home acted unethically, displayed bias against them in making decisions, and refused to either recuse themselves or order the recusal of other judges. (Doc. 3 at 46-52). The Texas Judges move for dismissal of Plaintiffs' complaint on the basis of judicial and sovereign immunity. (Doc. 7 at 2-5). Plaintiffs respond that the Texas Judges are not entitled to immunity for their criminal, unconstitutional, and fraudulent acts. (Doc. 8 at 13-39).

Judicial immunity protects judges from suit as to claims for money damages in all actions taken in their judicial capacities, so long as they do not act in the clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity applies even when a judge is accused of acting maliciously and corruptly. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). In this case, the Texas Judges were acting in their judicial capacities in ruling on Plaintiffs' state cases, and Plaintiffs cannot plausibly argue that the Texas Judges acted in the clear absence of all jurisdiction in doing so. Accordingly, the Texas Judges are entitled to judicial immunity. As such, their *Motion to Dismiss* (Doc. 7) should be **GRANTED**, and Plaintiffs' claims against them should be dismissed with prejudice.

### b. The Texas State Defendants

Plaintiff alleged that these Defendants took various actions against her that violated her constitutional and state law rights. (Doc. 3 at 41, 57-58, 60-67). The State of Texas, Governor Rick Perry, Texas Attorney General Greg Abbott, Texas Secretary of State Hope Andrade, the

Court of Appeals – 5th District of Texas, the Texas Real Estate Commission, the Texas Department of Insurance, Commissioner Eleanor Kitzman of the Texas Department of Insurance, and the State Commission on Judicial Conduct, in their official capacities (collectively, the "State Defendants") have moved to dismiss for, *inter alia*, lack of subject matter jurisdiction. (Doc. 17 at 1, 4-5). The State Bar of Texas also moves for dismissal on the same basis. (Doc. 6 at 1-2). The State Defendants and the State Bar of Texas contend that the Court lacks jurisdiction based on their Eleventh Amendment immunity.

The Eleventh Amendment bars claims against a state as well as against state officials when "the state is a real, substantial party in interest." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984) (citations omitted). In this case, Plaintiffs have sued various individual state officers, but given the allegations against them, it is clear that the state is the real party in interest. *Id.* Further, the State Bar of Texas is a state agency that is also protected by Eleventh Amendment immunity. *Green v. State Bar of Texas*, 27 F.3d 1083, 1087 (5th Cir. 1994). Accordingly, all of the State Defendants and the State Bar of Texas are entitled to dismissal with prejudice of the claims Plaintiffs filed against them, and their *Motions to Dismiss* (Docs. 6 and 17) should be **GRANTED**.

### c. Collin County Appraisal District

Plaintiffs appear to allege that this Defendant, the CCAD, used larger homes in better condition as improper comparisons to establish the appraised value of their home. (Doc. 3 at 59-60). Plaintiffs state that they are suing due to the resulting inaccurate state records and unfair comparisons even though they concede that they filed a successful appeal of their appraisal, after which their home's appraised value was lowered by more than $100,000. *Id.* at 60.

The CCAD argues, *inter alia*, that it is a political subdivision of the State of Texas and, as such, is entitled to sovereign immunity and Eleventh Amendment immunity.[8]  (Doc. 13 at 3-4). The CCAD thus seeks dismissal of Plaintiffs' complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  *Id.* at 4.

An appraisal district is a political subdivision of the state.  Tex. Tax Code § 6.01.  As previously noted, the Eleventh Amendment bars claims against a state entity.  *Pennhurst*, 465 U.S. at 101-02.  Thus, in a resident's claim against a county appraisal district, in which the resident seeks to challenge the amount of property taxes paid, the appraisal district enjoys sovereign immunity.  *Reed v. Prince*, 194 S.W.3d 101, 107 (Tex. App.– Texarkana, 2006). Accordingly, the CCAD's *Motion to Dismiss* (Doc. 13) should be **GRANTED**, and Plaintiffs' claims against the CCAD should be dismissed with prejudice for lack of subject matter jurisdiction.  The CCAD's second *Motion to Dismiss* (Doc. 14) should be **DENIED AS MOOT**.

### d.  City of McKinney/McKinney City Counsel

Plaintiffs allege in their complaint that one of them spoke at a McKinney City Counsel meeting about the state judges' alleged corruption and bias against Plaintiff, but those in attendance at the meeting ignored them.  (Doc. 3 at 12).  The City of McKinney moves for dismissal pursuant to Rule 12(b)(6), arguing that Plaintiffs' claims cannot support a cause of action.  (Doc. 15 at 3-4).  The Court agrees.  To the extent Plaintiffs are attempting to allege a due process violation, any section 1983 claim of that nature clearly fails.  Plaintiffs plainly state that they are attempting to impose *respondeat superior* liability on all entities that they sue. (Doc.

---

[8] The CCAD has filed two *Motions to Dismiss*, raising separate bases for dismissal. (Doc. 13; Doc. 14).  In the interest of judicial economy, the Court will address only one of them.

3 at 17).  However, a "municipality cannot be held liable *solely* because it employs a tortfeasor –

or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior*

theory."  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) (emphasis

in original).  Accordingly, Plaintiffs' claims against the City of McKinney should be dismissed

with prejudice, and the City's *Motion to Dismiss* (Doc. 15) should be **GRANTED**.

### e.  Collin County, Collin County Administrative Court, Collin County District Clerk, Collin County District Attorneys' Office, and Collin County District Attorneys

Plaintiffs allege in their complaint that Plaintiff Amrhein went to the administrative

Collin County judge to complain about other state judges' corruption, but her complaints were

ignored.  (Doc. 3 at 12, 14).  Plaintiffs contend that they filed complaints with the Collin County

District Attorneys' Office seeking an investigation into the judicial misconduct to no avail.  *Id.*

In particular, they claim that District Attorneys Roach and Willis ignored Plaintiffs' complaints.

*Id.* at 59.  Plaintiffs maintain that these actions violated their constitutional right to due process.

*Id.* at 13, 15.  Plaintiffs also aver that the Collin County District Clerk refused to file some of

their pleadings, withheld documents, and refused to set their motions for hearings.  *Id.* at 52.

However, upon review, Plaintiffs are complaining about alleged actions taken by various filing

clerks, not the District Clerk.  *Id.*

Subject to their *Motion to Transfer Venue* (Doc. 18), these Defendants (collectively, "the

Collin County Defendants") move for dismissal of Plaintiffs' complaint for lack of subject matter

jurisdiction for the same reasons alleged by the Remax Defendants.  (Doc. 23 at 6).  Additionally,

the Collin County Defendants maintain that dismissal is warranted under Rule 12(b)(6) because

(1) Plaintiffs fail to state a claim against them; and (2) the District Attorneys' Office and Collin

County Administrative Court lack the capacity to be sued.  *Id.* at 6-7.

To hold a municipal entity like Collin County liable under section 1983, Plaintiffs must show that there was either an official policy or an unofficial custom, adopted by the county, that was the moving force behind the claimed constitutional violation.  *Duvall v. Dallas County, Tex.*,631 F.3d 203, 209 (5th Cir. 2011).  In this case, Plaintiffs have made no such allegation, nor could they plausibly argue such.

The claims against the Collin County District Attorney's Office likewise fail.  A plaintiff may not bring a civil rights action against a servient political department unless the agency has a separate and distinct legal existence.  *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (holding that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.").  The Collin County District Attorney's office is not a free-standing entity that can be sued under section 1983.  *See Jacobs v. Port Neches Police Dep't*, 915 F.Supp. 842, 844 (E.D. Tex. 1996) (discussing the Jefferson County District Attorney's Office).

Similarly, the Collin County Administrative Court is not a legal entity subject to suit.  *See Moore v. Crowley Courts*, 2007 WL 3071188, *2 n.1 (N.D. Tex. 2007) (noting that the "Crowley Courts" were not a jural entity capable of being sued) (Lynn, J.); *Daniel v. Dallas Co. Commissioner's Court*, 2001 WL 167923, *1 (N.D. Tex. 2001) (Stickney, M.J.) (holding that a county court was not a separate entity with a jural existence).

The claims that Plaintiffs purport to raise against District Attorneys Roach and Willis also should be dismissed because the prosecutors enjoy prosecutorial immunity from this action.  *See Lampton v. Diaz*, 639 F.3d 223, 226 (5th Cir. 2011) (noting the differences between absolute

17

immunity and qualified prosecutorial immunity, which attaches when a prosecutor is acting only in an investigative or administrative capacity). A district attorney is entitled to absolute immunity when he or she makes a decision whether to charge a crime. *See Bittakis v. City of El Paso*, 480 F.Supp.2d 895, 906, 915-16 (W.D. Tex. 2007) (holding that a district attorney was entitled to absolute immunity where the actions taken in using a case management system to finalize a charging decision and bond amount were in preparation for the initiation of judicial proceedings). Similarly, District Attorneys Roach and Willis were acting in their prosecutorial capacity when they declined to investigate and charge anyone after learning about Plaintiffs' allegations of wrongdoing. Accordingly, the claims against them should be dismissed with prejudice.

Finally, any claim that Plaintiffs purport to raise against the Collin County District Clerk fail. Those claims are pled solely in *respondeat superior* against the Clerk for actions of her subordinates, and *respondeat superior* liability is not applicable in section 1983 actions. *Monell*, 436 U.S. at 691. Accordingly, the Collin County Defendants' *Motion to Dismiss* (Doc. 23) should be **GRANTED**, and Plaintiffs' claims against them should be dismissed with prejudice. The Collin County Defendants' alternative *Motion to Transfer Venue* to the Eastern District of Texas (Doc. 18) should be **DENIED AS MOOT**.

## D. <u>Plaintiffs' Motions</u>

### 1. *Motion for Alternative Service*

Plaintiffs first move the Court to allow for alternative service of process on Defendants Clifford Weinstein and The Law Offices of Clifford I. Weinstein & Associates. (Doc. 10). Plaintiffs contend that they learned that Mr. Weinstein died in January 2012, and they request

that service alternatively be permitted upon another member of his family.  *Id.* at 2.

Federal Rule of Civil Procedure 4(e) provides that "[A]n individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  FED. R. CIV. P. 4(e)(1).  Because this Court is located in Texas, the undersigned will apply Texas law.  Texas Rule of Civil Procedure 106 allows for alternative service of process on a defendant if service has been attempted unsuccessfully, and the court determines that another method of service will be reasonably effective to give the defendant notice of the suit.  *See* TEX. R. CIV. P. 106.  Nevertheless, the undersigned recommends that the Court not direct alternative service of process because the suit Plaintiffs purport to bring against the decedent's estate and firm is baseless.  *See generally Anderson v. Davison*, 479 S.W.2d 691, 693 (Tex. Civ. App. 1972) (holding that where a judgment has been awarded without proper service of the citation on the defendant, to overturn the default, the defendant must prove both improper service *and* a meritorious defense).

Plaintiffs allege that Mr. Weinstein committed malpractice and violated their civil rights while representing them for a short period of time in August 2009.  Plaintiffs indicate that they had their last interaction with Mr. Weinstein in September 2009 after a court hearing.  (Doc. 3 at 51-52).  As previously discussed, Plaintiffs cannot bring a cause of action against a private party via section 1983 under the circumstances presented.  *Sullivan*, 526 U.S. at 50.  Plaintiffs' remaining allegations against Mr. Weinstein sound in malpractice, which has a two-year statute of limitations.  TEX. CIV. PRAC. & REM. CODE §16.003(a).  The statute of limitations expired in September 2011, one year before Plaintiffs filed this lawsuit.  Because Plaintiffs' claims against

Mr. Weinstein and his law firm cannot succeed in this Court, the undersigned recommends that Plaintiffs' *Motion for Alternative Service* (Doc. 10) be **DENIED**.

### 2. *Motion to Amend*

### a. **Proposed State Law Claims**

Plaintiffs move to amend their complaint and appear to have incorporated their proposed amended complaint into their consolidated response to the Defendants' dismissal motions. (Doc. 34; Doc. 35). A review of Plaintiffs' proposed amended complaint reveals that they wish to raise numerous causes of action against Defendants for (1) fraud; (2) breach of contract; (3) defamation; (4) negligent misrepresentation; (5) breach of the Deceptive Trade Practices Act ("DTPA"), and a host of other claims arising out of the purchase of their home. (Doc. 35-1 at 20-48, 55-74, 82-86, 89-91). As discussed above, however, any actions for fraud, defamation breach of contract, and negligent misrepresentation are barred by the statute of limitations. *See supra* at p. 10.

Further, the applicable statutes of limitations also would bar Plaintiffs' proposed claims for conversion (two-year statute of limitations), breach of fiduciary duty (four years), breach of the DTPA (two years), invasion of privacy (two years), intentional infliction of emotional distress (two years), and breach of warranty (four years). *See Matlock v. McCormick*, 948 S.W.2d 308, 311 (Tex. App. – San Antonio, 1997) (invasion of privacy and intentional infliction); Tex. Bus. & Com. Code §§ 2.725(b) (breach of warranty), 17.565 (DTPA claim); Tex. Civ. Prac. & Rem. Code §§ 16.003(a) (conversion), 16.004(a)(5) (breach of fiduciary duty). Thus, granting Plaintiffs leave to amend their complaint to add these causes of action would be futile. *In re Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996) (stating that leave to amend is properly

denied if amendment of the complaint would be futile).

### b. Proposed Civil RICO Claim

Plaintiffs also state that they wish to amend their complaint to add federal causes of action for civil RICO violations, 18 U.S.C. § 1962, as well as obstruction of justice, 18 U.S.C. §§ 1501-1517.  (Doc. 35-1 at 52-55, 75-77).  Plaintiffs' proposed RICO claim is based on their allegation that Defendant Abernathy and his law firm made a campaign contribution to Judge Roach and thereafter received favorable rulings in a lawsuit involving Plaintiffs.  *Id.* at 52. Plaintiffs also allege that the Defendants have attempted to silence Plaintiffs and stifle their claims through unexplained acts of extortion, bribery, fraud, theft, and threats.  *Id.* at 54.

Civil claims under 18 U.S.C. § 1962 must allege the existence of "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise."  *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007).  A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity.  *Id.*  The predicate acts can be either state or federal crimes.  *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009).

For purposes of civil RICO liability, an enterprise is a group of persons or entities associating together for the common purpose of engaging in a course of conduct.  *United States v. Turkette*, 452 U.S. 576, 583 (1981).  The enterprise may be either a legal entity or a "union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).  To avoid dismissal for failure to state a claim, a civil RICO plaintiff must plead specific facts, not mere conclusory allegations, which establish the existence of an enterprise.  *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989).  The enterprise must be an entity "separate and apart from the

pattern of activity in which it engages." *Id.* (citation omitted). If the enterprise alleged is an "association in fact" enterprise, the plaintiff must demonstrate the existence of an "ongoing organization, formal or informal, that functions as a continuing unit over time through a hierarchical or consensual decision-making structure." *Id.*

Here, Plaintiffs state that "all listed Defendants" are liable under RICO. Nevertheless, Plaintiffs do not plead any specific facts which establish that all of the Defendants are part of an ongoing organization that functions as a continuous unit through a decision-making structure. Further, the undersigned finds it entirely implausible that the numerous Defendants involved in this case could be part of such an entity. *Elliott*, 867 F.2d at 881. Accordingly, Plaintiffs should not be granted leave to amend their complaint to add a civil RICO claim because amendment would be futile. *Southmark*, 88 F.3d at 314.

### c. Proposed Obstruction of Justice Claim

Plaintiffs' request to amend their complaint to add an obstruction of justice count under 18 U.S.C. §§ 1501-1517 also should be denied as futile because those sections establish criminal law violations. In order for a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975). Nothing in any of these sections indicates that they are anything more than "bare criminal statute[s]," and the laws do not suggest that civil enforcement of any kind is available to anyone. *Id.* at 79-80; *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (stating that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another). Accordingly, granting leave to amend would be futile and should be denied. *Southmark*, 88 F.3d at 314.

### d. Proposed Abuse of Process and Due Process Claims

Plaintiffs also request leave to amend their complaint to add an abuse of process cause of action against the Texas Judges. (Doc. 35-1 at 50-51). However, the undersigned has already determined that these Defendants are entitled to judicial immunity. Thus, leave to amend to add an additional cause of action against them would be futile and should be denied. *Southmark*, 88 F.3d at 314. Additionally, Plaintiffs seek to add an additional count seeking damages for violation of their due process rights. (Doc. 35-1 at 77-82, 86-89). However, that cause of action already has been disposed of as well. Accordingly, leave to amend to add the proposed claim should be denied.

### E.  Motions for Sanctions Filed by the Remax, Riechert, Newland, Republic Title, Murphy, Miller, and Stonebridge Defendants

The Remax, Riechert, Newland, Republic Title, Murphy, Miller and Stonebridge Defendants request that the Court exercise its inherent authority to sanction Plaintiffs for continuing to file frivolous claims. In particular, they request that the Court order Plaintiffs to obtain leave of court before filing or serving a complaint in federal court against them on any claims related to the present complaint. (Doc. 9 at 23-24; Doc. 11; Doc. 12 at 25-26; Doc. 19 at 28-29; Doc. 24; Doc. 25 at 24).

In the alternative, the Defendants and their counsel request that the Court sanction Plaintiffs in the amount of attorneys' fees they incurred to respond to Plaintiffs' complaint and impose any additional monetary sanctions necessary to prevent similar filings in the future. (Doc. 9 at 24; Doc. 12 at 26; Doc. 19 at 29; Doc. 25 at 24). Finally, these Defendants also request that the Court declare Plaintiffs to be "vexatious litigants" under Section 11.051 of the

Texas Civil Practice and Remedies Code. (Doc. 9 at 24-25; Doc. 12 at 25-26; Doc. 19 at 29-30; Doc. 25 at 25-26). The Collin County Defendants also seek substantial sanctions against Plaintiffs, including monetary and injunctive relief, claiming that Plaintiffs are vexatious litigants. (Doc. 23 at 8-9).

The Supreme Court has long recognized that courts have the inherent equitable power to levy sanctions against parties who abuse the litigation process. *See Roadway Express v. Piper*, 447 U.S. 752, 766 (1980). As discussed above, Plaintiffs' claims are utterly meritless and should be dismissed with prejudice. The fact that Plaintiffs are proceeding *pro se* offers them "no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

In addition to the present lawsuit, Plaintiffs initiated the following prior proceedings against many, if not all, of the same Defendants, all of which are related to the events and property at issue: (1) Case No. 296-01145-2008 in the District Court for the 296th Judicial District, Collin County, Texas; (2) Case No. 429-01145-2008 in the District Court for the 296th Judicial District, Collin County, Texas; (3) Case No. 296-04897-2009 in the District Court for the 296th Judicial District, Collin County, Texas; (4) Case No. 05-09-01377-CV in the Court of Appeals for the Fifth District of Texas at Dallas; (5) Case No. 05-10-00611-CV in the Court of Appeals for the Fifth District of Texas at Dallas; and (6) Case No. 05-10-01347-CV in the Court of Appeals for the Fifth District of Texas at Dallas. (Doc. 19-2 at 2-45; Doc. 19-5 at 4-Doc. 19-8 at 33; Doc. 19-14 at 3, 30-31; Doc. 19-17 at 6-7). Plaintiffs' petition to the Supreme Court of Texas for review of the intermediate appellate court's decision in Case No. 05-09-01377-CV was

denied in December 2012. (Doc. 19-13 at 3).

In their original state court action, which was premised on the same facts that underlie the instant complaint, Plaintiffs amended their petition eight times before the state court finally dismissed the case with prejudice for failure to state a claim. (Doc 19-2 at 30; Doc. 19-17 at 6). As demonstrated by the number of times they were permitted to amend their state court action and the various cases and appeals they have filed, Plaintiffs have had more than enough opportunities to make their case. The time to bring finality to the litigation is now.

However, Plaintiffs have made it clear that they will not cease their contumacious conduct absent some sort of sanction. Indeed, in this very action, Plaintiffs have vexatiously multiplied the litigation by adding as parties various public figures and entities that had little, if anything, to do with the subject matter of the suit. As the Court of Appeals for the Fifth Circuit has observed, "[s]anctions may be necessary because often dismissal alone will not faze a venomous litigant bent on disrupting the judicial system and committed to employing the legal process as a means to torment his enemies." *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986).

While Plaintiff Amrhein's father, Anthony Balistreri, is ostensibly involved in this lawsuit, it is apparent from the course of the litigation that the primary responsibility for this case lies with Ms. Amrhein. A review of Ms. Amrhein's litigation history in the State of Texas reveals that she has filed at least 22 civil actions in various Collin County courts, two in Dallas County court, and four in Texas federal courts, as well as numerous state appeals and bankruptcy cases.

A review of one of Ms. Amrhein's most recent cases reveals that she engaged in similar litigation tactics to those presently before the Court. In *Amrhein v. Le Madeleine*, Ms. Amrhein filed suit in the Eastern District of Texas after litigating against Le Madeleine restaurant, her former employer, in state court for the prior 14 years. *Amrhein v. Le Madeleine*, 4:11-CV-00364-RAS-DDB; 3:11-CV-2440-P, Doc. 117 at 2. By the time she got to federal court, she had dragged numerous unrelated parties into the suit including, as she has here, the State of Texas, Governor Perry, the Texas Secretary of State, various judges, and the entire Texas state legislature. (3:11-CV-2440-P, Doc. 117 at 2-3). The case was transferred to this Court in September 2011. All told, Ms. Amrhein brought 52 causes of actions against the named parties and alleged numerous constitutional violations. *Id.* at 3. As they are in this case, Ms. Amrhein's filings were voluminous. In December 2012, Judge Solis dismissed Ms. Amrhein's case with prejudice for failure to state a claim. In doing so, Judge Solis instructed Ms. Amrhein not to attempt to re-file her claims and warned her that if she did, he would consider imposing sanctions against her. *Id.* at 7. Despite this admonition, Ms. Amrhein persisted and has filed both a *Motion for Reconsideration* and a *Motion for Leave to File an Amended Complaint*. (3:11-CV-2440-P at Docs. 120, 121). Those motions remain pending at this time.

Upon review of Ms. Amrhein's litigation history and consideration of the parties' pleadings, the undersigned recommends that the Court enter a pre-filing injunction against Ms. Amrhein to be applied in all district courts in the United States. The injunction should specify that Ms. Amrhein will not be permitted to file any new civil action in any district court unless she first files a motion requesting leave of court to do so and attaches thereto a copy of her proposed complaint and a copy of the Court's order imposing the injunction.

## F.     Conclusion

For the reasons discussed above, the Court recommends that Defendants' *Motions to Dismiss* (Docs. 6, 7, 9, 11, 12, 13, 15, 17, 19, 20, 23, 24, 25, 27, 28) be **GRANTED**, Defendant CCAD's additional *Motion to Dismiss* (Doc. 14) be **DENIED AS MOOT**, Defendant Collin County's *Motion to Transfer Venue* be **DENIED AS MOOT**, and Plaintiffs' *Motion for Alternative Service* (Doc. 10) and *Motion for Leave to Amend Plaintiffs' Complaint* (Doc. 34) be **DENIED**.  The Court also recommends that sanctions be imposed as described above.

**SO RECOMMENDED** on February 1, 2013.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE