## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

DARLENE C. AMRHEIN and
ANTHONY J. BALISTRERI,

      **Plaintiffs,**

v.                                                     3:12-CV-03707-G-BK

JERRY RIECHERT, et al.,

      **Defendants.**

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

This cause was referred to the undersigned for pretrial management. Plaintiffs filed their complaint on September 12, 2012, against over 50 defendants, including the Texas state legislature and all senators and the Supreme Court of Texas. (Doc. 3). The undersigned recently advised Plaintiffs that service of process had not been effected upon the Texas state legislature and senators or the Supreme Court of Texas despite the fact that the case had been pending for almost five months. (Doc. 39). The Court thus ordered Plaintiffs to show cause why their case against the Texas state legislature and all senators and the Supreme Court of Texas should not be dismissed for want of prosecution. *Id.*; *see* FED. R. CIV. P. 4(m) (requiring that if a defendant is not served within 120 days after the complaint is filed, the court must either dismiss the action without prejudice against that defendant or order that service be made within a specified time; if the plaintiff shows good cause for the failure, the court must extend the time for service). The undersigned warned Plaintiffs that if they failed to comply with the Court's order, the Court would recommend dismissal of their case against those Defendants without further notice.

Plaintiffs have now responded to the Court's *Order to Show Cause*. (Doc. 45). They state that they properly served the summons and complaint on the Texas state legislature and all

senators and the Supreme Court of Texas by having E. Denise Loughlin send those documents to those Defendants by certified mail, return receipt requested.

Federal Rule of Civil Procedure 4(e) provides that "[A]n individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Because this Court is located in Texas, and Plaintiffs and all of the Defendants in question are Texas residents, Texas law applies.

Rule 106 of the Texas Rules of Civil Procedure allows for service of process on a defendant to be achieved by, *inter alia*, mailing the defendant copies of the citation and petition via certified mail, return receipt requested. *See* TEX. R. CIV. P. 106. As noted, Plaintiffs argue that they have complied with this procedure by having E. Denise Loughlin mail copies of the complaint and summons to the above-named Defendants via certified mail. However, Texas Rule 106(a)(2) requires that the person who mails such documents be authorized by Rule 103. Persons authorized under Rule 103 include (1) the court clerk; (2) the sheriff or constable or any other person authorized by law; (3) any person 18 years of age or older authorized by law or by order of court; and (4) any person certified by order of the Supreme Court. TEX. R. CIV. P. 103. A certified process server also can serve a defendant by certified mail, return receipt requested. *P&H Transp. v. Robinson*, 930 S.W.2d 857, 859 (Tex. App. – Houston [1st Dist. 1996).

The online database listing of private process servers who are authorized by the Texas Supreme Court to serve process does not include anyone by the name of E. Denise Loughlin. *See* http://www.txcourts.gov/psrb/docs/Statewide_Authorized_Servers.htm. Nor is there any indication that Ms. Loughlin is otherwise authorized by law to make such service. It thus appears

that Ms. Loughlin does not have the authority to effectuate service of process, and her attempt to do so on Plaintiffs' behalf was invalid. Accordingly, Plaintiffs' attempted service on the Texas state legislature and all senators and the Supreme Court of Texas was void.

Despite this Court's *Order to Show Cause*, Plaintiffs have made no attempt to show good cause for their failure to timely and correctly serve process on the Texas state legislature and all senators and the Supreme Court of Texas even though their case has now been pending against those Defendants for 157 days. Under these circumstances, the Court need not extend the time for service of process. FED. R. CIV. P. 4(m). Accordingly, the undersigned recommends that the Court dismiss this action without prejudice against the Texas state legislature and all senators and the Supreme Court of Texas based on Plaintiffs' failure to timely and correctly serve those Defendants.

**SO RECOMMENDED** on February 15, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE